# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRYAN FARROW, | : | |
| | : | |
| Plaintiff, | : | C.A. No. K19C-08-041 JJC |
| | : | In and for Kent County |
| v. | : | |
| | : | |
| TEAL CONSTRUCTION INC. | : | |
| & HOWARD R. COLEMAN, | : | |
| | : | |
| Defendants/Third- | : | |
| Party Plaintiffs | : | |
| | : | |
| v. | : | |
| GATEWAY CONSTRUCTION INC., | : | |
| | : | |
| Third-Party Defendant. | : | |

## ORDER

Submitted:  April 17, 2020
Decided:  June 22, 2020

*Upon Consideration of Third-Party Defendant's Motion to Dismiss Third-Party Plaintiff's Complaint –* **Granted, in part**, and **Deferred, in part.**

**AND NOW TO WIT**, this 22nd day of June 2020, upon consideration of the Third-Party Plaintiff's Complaint, and the arguments of the parties, **IT APPEARS THAT**:

1. Plaintiff Bryan Farrow sued Howard Coleman and Teal Construction for personal injury.  As alleged, Mr. Coleman drove Teal's dump truck at a work site on February 25, 2019.  On the day of the injury, the employees of Teal and its sub-contractor Gateway, performed work at the site.  There, Mr. Coleman allegedly struck and injured Mr. Farrow while reversing his truck.  Because Gateway

employed Mr. Farrow and because Mr. Farrow suffered a work injury, Gateway paid him workers' compensation benefits. Thereafter, Mr. Farrow sued Teal Construction and Mr. Coleman (hereinafter collectively "Teal") for negligently causing his injury. Notwithstanding workers compensation exclusivity, Teal now files a third-party complaint seeking indemnification from Mr. Farrow's employer Gateway for any compensation that Teal must eventually pay Mr. Farrow.

2. Here, Teal's third-party complaint alleges indemnification as a basis to avoid workers' compensation exclusivity.[1] Despite Teal and Gateway's contractual relationship, no express contractual term for indemnification applies. Accordingly, the motion turns on whether the circumstances created a separate duty to indemnify.

3. In this Superior Court Civil Rule 12(b)(6) motion to dismiss, Gateway emphasizes that the Workers' Compensation Act provides the exclusive remedy for employees injured during the course of employment.[2] Gateway relies on the additional premise that exclusivity also bars a tortfeasor's claims for (1) contribution, and in many cases (2) indemnification against the injured worker's employer. It claims that Teal identifies no duty that it owed Teal that could circumvent workers' compensation exclusivity.

4. Teal responds by emphasizing that Delaware law permits a tortfeasor's implied indemnification claim against an employer in certain circumstances. It argues that although there was no written contract that contained an indemnification term, the circumstances surrounding the incident created an implied duty for Gateway to perform tasks in a workman-like manner.

---

[1] Teal alleged both express and implied indemnification in its third-party complaint. At oral argument, Teal conceded that it has no express indemnification claim in this case.

[2] *See* 19 *Del. C.* § 2304 (providing that "[e]very employer and employee . . . shall be bound by this [WCA] chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.").

2

5. When deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded allegations in the third-party complaint as true.[3] The test for sufficiency is a broad one: it will survive the motion to dismiss if the plaintiff "may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[4] When examining a Rule 12(b)(6) motion, the third-party complaint defines the universe of facts that the Court may consider.[5]

6. A third-party tortfeasor may recover pursuant to an indemnification claim if the employer (1) breached an independent duty owed to the third-party, or (2) the circumstances created an implied promise to indemnify.[6] At issue in this case is whether Teal adequately alleges a claim for implied indemnification. At the outset, contracts to perform specified construction duties contain an implied promise to perform services in a workman-like way in certain discrete circumstances.[7] If those circumstances apply and the employer breaches an implied duty to the tortfeasor, the employer must indemnify the tortfeasor, notwithstanding exclusivity.[8]

7. In *Diamond State Telephone Co. v. University of Delaware*,[9] the Delaware Supreme Court identified three limited circumstances that create such a duty. All three scenarios involve injuries where the employer and third-party tortfeasor

---

[3] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[4] *Id.* (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952)).

[5] *In re General Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).

[6] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 56–57 (Del. 1970) (citing Larson's Workers' Compensation Law to explain that "an employer may be held liable for indemnity if he has breached an independent duty owed a third party, or if in the circumstances there is a basis for finding an implied promise of indemnity. If such is the fact, then the exclusive remedy provision in the Workmen's Compensation Law has no application and will not bar suit by the third party against the employer").

[7] *Id.* at 57 (citing *Ryan Stevedoring Co., Inc. v. Pan Atlantic Steamship Corp.*, 350 U.S. 124 (1956)). *See also Davis v. R.C. Peoples*, 2003 WL 21733013, at *4 (Del. Super. July 25, 2003) (explaining that "[w]hen the circumstances warrant, the obligation to perform in a workman-like manner and to indemnify may be implied in the relationship, as a matter of law or fact, even in the absence of contractual 'provisions'").

[8] *Diamond State*, 269 A.2d at 57.

[9] 269 A.2d 52 (Del. 1970).

3

perform work at a shared work site.[10] The first scenario occurs when (1) the injured party's employer created the dangerous condition, and (2) the tortfeasor does not discover the condition.[11] The second situation occurs when (1) the tortfeasor created a dangerous condition, (2) the employer discovered it, but (3) the employer nevertheless required its employees to continue to work at the site. The third situation occurs where (1) the tortfeasor created a latent dangerous condition, (2) the employer discovered the condition, and (3) the employer somehow activated it through its affirmative conduct.[12] The Supreme Court emphasized that the question of "whether or not there exists liability to indemnify a third party depends entirely upon the factual circumstances surrounding the incident."[13] Absent allegations in a complaint that place an employer on fair notice regarding which of these three situations may apply, a complaint does not state a claim for implied indemnification.

8. As alleged in the third-party complaint, Teal had a contractual relationship with Gateway.[14] The balance of the third-party complaint alleges merely that Gateway's negligent training and supervision breached an implied duty to indemnify. While Teal alleges five separate negligent acts by Gateway,[15] these allegations match none of the three scenarios.

9. The Court recognizes that an implied indemnity claim is contractual. Such a claim should not trigger the heightened pleading requirement of Superior Court

---

[10] *Id.* at 57–58. *See also Davis*, 2003 WL 21733013, at *2 (summarizing the three situations where the employer may be liable to the third party as including "instances where the employer creates a dangerous condition on the third party's premises which causes injury to the employee, instances where the employer knowingly permits the employee to work under dangerous conditions which may have been caused or created by the third party, and instances where the employer activates a latent dangerous condition caused or created by the third party which, in turn, causes injury to the employee").

[11] *Diamond State*, 269 A.2d at 57.

[12] *Id.* at 58.

[13] *Id.*

[14] Third Party Pl. Compl. ¶ 4.

[15] *Id.* ¶ 4 (a)–(e).

Civil Rule 9(b). Nevertheless, Teal's allegation that there was merely an implied duty of indemnification does not place Gateway on fair notice of a claim that could arise under only one of three distinct sets of factual circumstances. In fact, when accepting the facts in the third-party complaint as true, they demonstrate that the circumstances triggered *none* of the three scenarios. As a result, Teal's third-party complaint fails to state a claim upon which relief may be granted.

10. At oral argument, in the alternative, Teal requested leave to amend the third-party complaint to add allegations that meet two of the three scenarios. In this matter, the incident occurred on February 25, 2019 and the statute of limitations has not expired. In light of the Superior Court Civil Rules' liberal amendment provisions[16] and the Court's preference to decide cases on their merits,[17] Teal has twenty days from the date of this order to file an amended third-party complaint. In the absence of an amendment, the Court will dismiss Teal's third-party complaint without the need for further action by the parties. On the other hand, in the event of an amendment, Gateway may renew its motion to dismiss or file an answer. Finally, because Teal concedes that no express contract provision provided for indemnification, Gateway's motion to dismiss must be granted in part, as to Teal's claim for express indemnification.

---

[16] Super. Ct. Civ. R. 15(a) (providing that "leave shall be given freely where justice so requires"). *See Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993) (stating that Rule 15(a) "directs the liberal granting of amendments 'when justice so requires.' . . . In the absence of prejudice to another party, the trial court is required to exercise its discretion in favor of granting leave to amend.").

[17] *See Bellanca Corp. v. Bellanca*, 169 A.2d 620, 622 (Del. 1961) (explaining that Superior Court Civil Rule 15 "is written upon the assumption that pleadings are not an end in themselves but are designed to assist, not deter, the disposition of litigation on its merits" and that the "trial judge in his discretion must always permit or deny the amendment by weighing the desirability of ending the litigation on its merits against possible prejudice or surprise to the other side"); *Rinaldi v. Iomega Corp.*, 2000 WL 973257, at *1 (Del. Super. May 23, 2000) (citing *Grand Ventures, Inc. v. Whaley*, 632 A.2d 63, 72 (Del. 1993) to explain that Superior Court Civil Rule 15 is "to encourage the disposition of litigation on its merits").

**NOW THEREFORE**, for the reasons discussed, the Third-Party Defendant's motion to dismiss is **Granted, in part** and **Deferred, in part**.

**IT IS SO ORDERED.**

<u>/s/Jeffrey J Clark</u>
Judge

JJC:jb
*Via File & Serve Xpress*